PER CURIAM.
This disciplinary proceeding by The Florida Bar against David B. Linn, a member of The Florida Bar, is presently before us on complaint of The Florida Bar, report of referee and amended' report of referee. Pursuant to article XI, Rule 11.06(9)(b) of the Integration Rule of The Florida Bar, the referee’s report and record were duly filed with this Court. No petition for review pursuant to Integration Rule of The Florida Bar 11.09(1) has been filed.
Having considered the pleadings and evidence, the referee found as follows:
1. Respondent, David B. Linn, is and was, at all times hereinafter mentioned, a member of The Florida Bar subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida;
2. That, in reference to Count I of the Complaint filed herein, respondent, David B. Linn, on or about April 1, 1982, and continuing through May 4, 1982, advised one Richard Stoutenburgh that he (Linn) knew persons interested in purchasing quantities of cocaine if Stoutenburgh were able to provide it, that those persons were interested in a purchase of approximately four (4) kilograms of cocaine, that respon *103 dent and Stoutenburgh would purchase cocaine and sell it to persons known to the respondent and divide the profit from the transaction, thus conspiring with Richard Stoutenburgh to purchase and sell cocaine, a controlled substance as defined by § 893.-135, Florida Statutes, thus soliciting Richard Stoutenburgh to traffick in cocaine, an offense prohibited by § 893.135, Florida Statutes, in violation of § 777.04(2), Florida Statutes:
3. That by reason of the foregoing, respondent has violated article XI, Rules 11.-02(3)(a) and (b) of the Integration Rule of The Florida Bar (commission of an act contrary to honesty, justice and good morals and commission of a crime) and Disciplinary Rules 1-102(A)(1) (a lawyer shall not violate a disciplinary rule), 1-102(A)(3) (a lawyer shall not engage in illegal conduct involving moral turpitude), 1-102(A)(6) (a lawyer shall not engage in any other conduct that adversely reflects on his fitness to practice law);
4. That, in reference to Count II of the Complaint filed herein, respondent, David B. Linn, purchased Lot 1, Block 13, Hidden Valley Subdivision, Section 2, as recorded in Plat Book 25, pages 115-116, Public Records of Palm Beach County, Florida, giving as part consideration to the sellers, J. Grant and Margaret Whittle, a promissory note and a Purchase Money First Mortgage, copies of which were entered into evidence as complainant’s No. 2, promising the sellers that the note and mortgage would be recorded after execution by respondent’s wife, who was unable to be present at the closing of the transaction held October 30, 1981, that respondent failed to record or to deliver to the sellers their note and Purchase Money First Mortgage, the instrument being unrecorded until September 17, 1982, after which the sellers discovered that the respondent had executed, together with his wife, another promissory note and Purchase Money First Mortgage encumbering the identical realty which had been recorded January 27, 1982, as a result of which seller Whittle’s mortgage became a second mortgage despite respondent’s representations and despite the indication given by instruments prepared by him; and
5.That, by reason of the foregoing, respondent has violated article XI, Rule 11.-02(3)(a) (a lawyer shall not commit any act contrary to honesty, justice or good morals) of the Integration Rule of The Florida Bar, and Disciplinary Rules 1-102(A)(1) (a lawyer shall not violate a disciplinary rule), 1-102(A)(3) (a lawyer shall not engage in illegal conduct involving moral turpitude), 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation), and 1-102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on his fitness to practice law) of the Code of Professional Responsibility.
The referee recommends that respondent be found guilty of misconduct justifying disciplinary measures and recommends that respondent be disbarred from the practice of law in the State of Florida, and that he be ordered to make restitution to J. Grant and Margaret Whittle in the amount of $24,000.
Having carefully reviewed the record, we approve the findings and recommendations of the referee.
Accordingly, respondent, David B. Linn, is hereby disbarred from the practice of law in the State of Florida effective January 21, 1985, thereby giving respondent thirty (30) days to close out his practice and take the necessary steps to protect his clients. Respondent shall not accept any new business and he shall make restitution to J. Grant and Margaret Whittle in the amount of $24,000.
Judgment for costs in the amount of $3,662.46 is hereby entered against respondent, for which let execution issue.
It is so ordered.
BOYD, C.J., and ALDERMAN, MCDONALD, EHRLICH and SHAW, JJ., concur.